UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                      Case Number: 04-80609
v.                                    Honorable Julian Abele Cook, Jr.

COREY PATRICK JONES,

                Defendant.

ORDER

On February 6, 2007, the Court placed the Defendant, Corey Patrick Jones, in the custody of the United States Bureau of Prisons for a period of seventy-seven (77) months for his possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).  He has now filed two *pro se* pleadings, challenging the validity of his conviction and sentence under 28 U.S.C. § 2255.  In his motions, Jones claims that his attorney, Seymour Berger, rendered constitutionally ineffective assistance during his plea and sentencing hearings.

In an order, which bore the date of January 14, 2009, the Court found that Jones had established a *per se* violation of his Sixth Amendment rights.  This decision was  based on the failure of Jones' counsel to perfect his appeal.[1]  Thereafter, the Court granted his request for the appointment of an attorney. Acting through his new counsel, Jones supplemented his earlier claims regarding the ineffective assistance of counsel issue.  Specifically, he levels criticism upon  Berger for urging the Court to "give [Jones] credit for time served in state custody, a legally untenable position, instead of asking the Court to offset its presumptive sentence by subtracting the number

_____

[1]In his most recent filing, Jones now acknowledges that he waived his right to appeal this conviction and sentence as a part of his Rule 11 plea agreement with the Government.

of months [that he had] already served in the state system."   However, for the reasons that have been stated below, Jones' motion will be denied.

I.

In 2003, Jones was released by the Michigan Department of Corrections (MDOC) from a 1½ -14 year sentence that he had been serving for a state crime (to wit, uttering and publishing). During the following year, Jones, while on parole for the state criminal offense, was arrested on June 24, 2004 for illegally possessing a handgun in the City of Detroit. This conduct, which violated the terms of his parole, resulted in  (1) his detention by the State of Michigan on a so-called "parole hold," (2) the revocation of his parole privileges on August 30, 2004, and (3) the imposition of a sixty-month continuation of his incarceration in a state prison.

Approximately three months later, the United States indicted Jones for being a felon in possession of a firearm.  Upon signing a waiver of his rights under the Interstate Agreement on Detainers ("IAD"), Jones was brought to this federal court on January 28, 2005[2] pursuant to a writ of habeas corpus ad prosequendum and arraigned.[3]   As a state prisoner, Jones was returned to the custody of the Michigan Department of Corrections with whom he remained until the tender of his guilty plea on July 18, 2006.  In the intervening months between his initial arraignment and the imposition of the sentence upon him on February 6, 2007, Jones remained in state custody.   The Government posits that several of the delays in the federal proceedings resulted from, *inter alia,*

---

[2]Signing the waiver of his rights under the IAD basically allowed Jones to be returned to state custody rather than remain in the Wayne County (Michigan) jail on a writ awaiting resolution of the federal case.

[3]A *habeas corpus ad prosequendum* is a "writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." Black's Law Dictionary 728 (8th ed. 2004)

2

petitions by Jones for extensions of time, as well as for a variety of other related issues. Regardless of the cause for his pretrial delay, it is undisputed that Jones was ineligible to receive any credit against his federal sentence for the time spent by him in state custody while awaiting a resolution of the federal charges.

Nevertheless, Jones' trial attorney filed a sentencing memorandum seeking a grant of credit against the federal sentence for his client - a legal argument which, if adopted, would have dated the sentence back to January 28, 2005 when he was placed in federal custody for the first time. His counsel reiterated this request during the sentencing hearing on the following day, and coupled it with a request for the Court to make the sentence run concurrently to the term that had been imposed upon him by the Michigan Parole Board for his parole violation. *See, Sentence Transcript ("ST"), 2/27/09 12:1-4.* Jones also joined his counsel by asking the Court to impose a concurrent sentence upon him. *ST 10:4-11.*

In response, the Court acknowledged that the state and federal charges were "essentially the same offense" and noted that it would take this fact into consideration when rendering the judgment.[4] *ST 14:2-7.* Ultimately, the Court imposed a sentence of 77 months, which was 15 months shorter than the low end of the Probation Department's recommended range of 92-115 months. The Court also denied Jones' request without prejudice to (1) make his 77 month sentence run concurrently with his state prison term, and (2) grant credit against his federal sentence for the time spent by him in state custody. *ST 17:3-18:12.*

---

[4]The Court also noted the dearth of evidence in the record upon which to suggest that the weapon was stolen, which resulted in a two-level decrease in Jones' total offense level. *ST 13:18-23.*

3

On February 27, 2007, Jones was paroled by the Michigan Department of Corrections and, thereafter, began serving his 77 month federal prison term.  This appeal followed.

II.

A federal prisoner who challenges his sentence under 28 U.S.C. § 2255 must establish that it was (1) implemented "in violation of the Constitution or laws of the United States," (2) imposed by a court which was "without jurisdiction," (3) "in excess of the maximum authorized by law," or (4) "otherwise subject to collateral attack."  *Id.*  If such a violation is found to exist, a petitioner may ask the court to vacate, set aside, or correct the sentence.  *Id.*

In the *pro se* pleadings that are now being considered by the Court, Jones contends that his trial attorney rendered constitutionally ineffective legal assistance at every stage of the litigation. In Jones' view, Berger's failure to force the Government to properly assess his criminal history undermined the plea agreement, and caused him to receive an unduly harsh sentence.  Jones also argues that Berger was a legally ineffective counsel when he utilized a discredited legal theory as a basis for seeking a sentence reduction.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel:

> In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense.

US Const Am VI, XIV.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a defendant is denied the effective assistance of counsel when his attorney's representation falls below an objective standard of reasonableness.  The test for determining ineffective assistance is twofold; namely,  whether the "counsel's performance was deficient," and if so, whether the "deficient performance prejudiced the defense." *Strickland, supra* at 687.  An attorney's

4

performance is considered to be deficient if it falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688. A defendant is deemed to have been prejudiced if "there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.* at 694. In reviewing such a claim, a court must invoke a "strong presumption" that the conduct of the defendant's counsel falls within the wide range of reasonable professional assistance. *Id* at 689. Thus, the defendant bears a heavy burden of overcoming the presumption that the challenged conduct is the result of sound trial strategy. *Id.* The *Strickland* analysis also extends to claims of ineffective assistance arising out of the guilty plea process, *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

A.

As a preliminary matter, the Court accepts Jones' request to abandon one of the grounds within his § 2255 petition, wherein he accused his trial counsel of being ineffective for failing to file a notice of appeal. In retrospect, Jones correctly notes that according to the terms of his Rule 11 Plea Agreement with the Government, he waived his right to appeal his conviction and sentence. Although Jones states slightly different claims in Grounds II-V of his petition, the gravamen of each issue is the same; namely, that his trial counsel was ineffective when he failed to (1) ensure that his breaking and entering convictions were properly credited in the federal sentencing guidelines, and (2) present the Court with a legally tenable theory for reducing his sentence on the basis of time spent in state custody while federal charges were pending.

B.

5

In his *pro se* pleadings, Jones initially notes that over his objection, the trial counsel did not ensure that two of his prior convictions were included in the sentencing worksheets that had been attached to his plea agreement. He also submits that, inasmuch as a breaking and entering conviction is a non-violent offense under Michigan law, it should not have been counted against him as a crime of violence. In addition, he asserts that the Probation Department should have treated his breaking and entering convictions as a consolidated criminal offense, and viewed them collectively under "the common law and categorical approach."

As to the first argument, Jones is correct when he asserts that his two prior convictions for breaking and entering an occupied dwelling were not listed on the criminal history worksheet that had been attached to his plea agreement with the Government. Even if the Court assumed that his trial counsel's performance was deficient when he omitted these facts, however, Jones has not identified any resulting prejudice to him and/or his defense in this criminal action.  To the contrary, the parties anticipated this as a potential outcome, and included the following provision in the Rule 11 plea agreement to give themselves some flexibility:

> B.   Agreed Guidelines Range
>      Except as provided below, defendant's guideline range is 30-37 months, as set forth on the attached worksheets.  If the Court finds:
>
>       (a)   that defendant's criminal history category is higher than reflected on the attached worksheets . . .
>
>      and if any such finding results in a guideline range higher than 30-37 months, the higher guideline range becomes the agreed range.

*See* Rule 11 Plea Agreement §2(B). Thus, under the clear language of this plea agreement, Jones agreed through a written stipulation to the possibility of a higher guideline range based on his

criminal history.  Under these circumstances, he cannot now claim to have been prejudiced by his attorney's failure to specifically disclose this criminal  history on the guilty plea worksheets.

Moreover, the Court rejects Jones' characterization of his breaking and entering convictions as being non-violent crimes.  Notwithstanding his desire to provide the Court with his interpretation of these criminal offenses under Michigan law, the issue presented here is controlled by §§2K2.1 and 4B1.2 of the United States Sentencing Guidelines.  For firearm related crimes, U.S.S.G §2K2.1(a)(2) imposes a Base Offense Level of 24 if the defendant has previously sustained "at least two felony convictions of . . . a crime of violence . . . ."  The Application Notes to this guideline indicate that the term, "crime of violence," has a  meaning found in  U.S.S.G §4B1.2(a), which in turn, refers to "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – . . . (2) is burglary of a dwelling, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."   U.S.S.G. § 4B12(a)(2).  Indisputably, Jones' prior offenses of breaking and entering a dwelling fit the definition of a crime of violence.

Under current Michigan law, breaking and entering a dwelling is commonly referred to as home invasion.  Mich. Comp. Laws § 750.110a.  Employing a "categorical" approach – which requires courts to base their determinations on the statutory definition of the crimes rather than upon the facts which underlie  the offense –  the Sixth Circuit has held that the first, second, and third degrees of that crime are considered violent felonies under the federal sentencing guidelines. *See generally,*; *United States v. Horton*, 163 Fed. App'x 378, 381-82 (6th Cir.2006) ("[I]n Michigan, home invasion of the first and second degrees are functional equivalents of common-law burglary and fall within the definition of a "crime of violence,"); *United States v. Garcia-Serrano*,

7

107 Fed. App'x 495 (6th Cir.2004) ("[H]ome invasion-first degree, Michigan's version of burglary of a dwelling . . . is also a crime of violence."); *United States v. Hart*, 104 Fed. App'x 469 (6th Cir.2004) ("Second-degree home invasion is defined under Michigan law as 'break[ing] and enter[ing] a dwelling with intent to commit a felony or larceny in the dwelling or . . . [entering] a dwelling without permission with intent to commit a felony or larceny in the dwelling . . . .' Thus, second-degree home invasion plainly is a burglary."). Even if this crime is not treated as a burglary, the act of entering an occupied dwelling by force would involve "conduct that presents a serious potential risk of physical injury to another." U.S.S.G §4B1.2. As such, the Court rejects Jones' argument that his prior convictions should not have been counted against him as crimes of violence.

Jones also asserts that the Probation Department should have treated all of his breaking and entering convictions as a consolidated offense. This argument is flawed, however, in that the offenses were separated by intervening arrests on August 8, 1984, September 30, 1985, and October 25, 1985. *See* Application Note 3 to U.S.S.G. § 4A1.2(a)(2) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."). Therefore, the Court must, and does, deny Jones' request for relief on this basis.

## C.

Next, Jones urges the Court to declare that his trial attorney was ineffective when he failed to set forth legitimate grounds for reducing his sentence based on the time that he spent in state custody. Specifically, he argues that his trial counsel's advice and assistance was constitutionally deficient for (1) making a request for jail credit which was not permitted by law, and (2) failing to

ask the court to offset its presumptive sentence by subtracting the number of months already served in state prison.

The Supreme Court has noted that under 18 U.S.C. § 3585, only the Attorney General, acting through the Bureau of Prisons, has the power to grant sentencing credit to a defendant. *U.S. v. Wilson,* 503 U.S. 329, 333 (1992). In recognition of this principle, the Sixth Circuit has held that a district court is not authorized to award credit at sentencing. *U.S. v. Noel*, 372 Fed. Appx. 586, 590 (6th Cir. 2010) (unpublished) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.2001)).

U.S.S.G. § 5G1.3 authorizes a sentencing court to consider time previously served where, *inter alia*, the earlier term of imprisonment resulted from conduct that is relevant to the current offense of conviction. A companion section (to wit, U.S.S.G. § 5G1.3(b)(1)) authorizes the adjustment of a sentence "for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." *Id.* Furthermore, this same Sentencing Guideline - under subsection (b)(2) enables a court to set the sentence for the current offense "to run concurrently to the remainder of the undischarged term of imprisonment." *Id.* Although Jones' trial counsel did not specifically cite this provision in seeking leniency from the Court, he clearly articulated its underlying policy in making his request:

> "I would also ask in light of the fact that part of what he was – he experienced
> a parole violation. Part of that is the same offense, the same act if you will, that
> brings us here, even though it's a different crime. I would ask therefore, that what
> this Court does be made concurrent with what the Parole board did in this case,
> the State parole Board did in this case." *ST 11:23-12:4.*

Under the circumstances, the Court finds that while trial counsel was perhaps imprecise and/or inartful in how he framed his request, the position for which he was advocating was, in fact,

contemplated by the guidelines.  Accordingly, his performance was not constitutionally deficient under the standards set forth in *Strickland, supra.*

Even if the Court had found otherwise, Jones has failed to proffer any evidence that he was prejudiced - directly or indirectly - by his  trial counsel's alleged errors.  Although Jones has a significant criminal record and a history of recidivism, the Court placed him in custody of the Bureau of Prisons for a term of imprisonment at the bottom of his adjusted guidelines range of 77-96 months.  Given his background, the Court could have chosen to penalize Jones by imposing a sentence of 96 months.  However, the record indicates that it specifically declined to do so, in part because of the equitable factors underlying the sentencing offense: "I also believe that the State court matter which Mr. – wherein Mr. Jones was found to be in violation is essentially the same offense that brings him into court today.  He was charged with by the State Probation Department for violating his probation.  This is I believe an extension of this case and so I will take that into consideration, . . . ."  *ST 14:2-7.*  Jones' arguments about prejudice presume that there is a reasonable probability that the Court would have been willing to offset the 77 month sentence by deducting an additional 31 months to account for this issue.  His presumption is unwarranted, however, as the Court is not persuaded it would have imposed a different sentence.  Accordingly, Jones' ineffective assistance of counsel claim fails.

III.

Therefore, for the reasons stated above, Jones' motion to vacate his sentence must be,  and is, denied.

IT IS SO ORDERED.

Dated: February 17, 2011                                        s/Julian Abele Cook, Jr.
             Detroit, Michigan                                       JULIAN ABELE COOK, JR.

10

United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 17, 2011.

s/ Kay Doaks
Case Manager